## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Daniel Todd Strader and Sarah Moore Strader,<br><br>Debtor(s). | C/A No. 13-03652-HB<br><br>Adv. Pro. No. 13-80153-HB<br><br>Chapter 7<br><br>**ORDER** |
| Brian E. Hadley, individually and on behalf of Hadley-Strader-Tano Associates, Inc.,<br><br>Plaintiff(s),<br><br>v.<br><br>Daniel Todd Strader<br>Sarah Moore Strader,<br><br>Defendant(s). | |

**THIS MATTER** is before the Court pursuant to the Motions to Dismiss and request for reimbursement of attorney's fees and costs filed by Defendants, Daniel Todd Strader and Sarah Moore Strader. Brian E. Hadley, individually and on behalf of Hadley-Strader-Tano Associates, Inc. ("HSTA") objected.

### PLAINTIFFS' ALLEGATIONS

Plaintiffs allege that before the filing of the bankruptcy case, Mr. Hadley, Mr. Strader, and Michael R. Tano (an individual not involved in this adversary proceeding) co-owned HSTA. The company worked with various factories that manufactured cleaning products and sold those products to customers in exchange for commissions. Mr. Strader and Mr. Tano dissolved HSTA and formed Strader-Tano Associates, LLC ("STA") without Mr. Hadley. Plaintiffs allege that the new company provided essentially the same business services as the dissolved HSTA. Plaintiffs filed an action in the North Carolina Superior Court alleging damages caused by the

actions of Mr. Strader and Mr. Tano, resulting in a judgment against them in the amount of $220,133.00 plus interest.

Thereafter Defendants filed a voluntary joint chapter 7 petition and Plaintiffs initiated this adversary proceeding, objecting to Defendants' discharge under 11 U.S.C. § 727(a)(4)(A) and to determine the dischargeability of a debt pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6).[1] Copies of the state court judgment and jury verdict are attached to the Complaint filed in this proceeding and all allegations and findings thereof are incorporated by reference.

Plaintiffs herein allege that by dissolving the co-owned company without Mr. Hadley's consent, Mr. Strader ended contracts held by HSTA as well as Mr. Hadley's interest in the company. The state court jury determined that Mr. Strader's actions resulted in financial harm to Plaintiffs sufficient to award a $220,133.00 judgment. Plaintiffs assert that Mr. Strader's position as an officer, director and majority shareholder of the company, to whom property had been entrusted, placed him in a fiduciary role and that he violated that role and acted with a degree of misconduct by "appropriating HSTA contracts with its factories and destroying . . . [Mr. Hadley's] ownership interest in HSTA."

This adversary proceeding further alleges that

Defendants knowingly and fraudulently . . . made a false oath or account, in that they represented in the Personal Property statement attached to their Petition that their 50% ownership interests in STA was worth $0.00. The evidence presented in the HSTA lawsuit demonstrated that a manufactures rep business such as STA has substantial worth of several hundred thousand dollars. See Petition, Doc. 1, p. 14.

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

The referenced document (Statement of Financial Affairs, question 13) reads as follows:

| Type of Property | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value |
|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | *50% ownership in Strader-Tano Associates, LLC. Debtor believes the company has no assets, only debts. Debtor states the business is only profitable due to the relationships and skill of its owners. Owners are sales people who receive income solely through commissions for work performed.* | H | 0.00 |

Despite the use of the plural term "Defendants" in the allegations and the inclusion of Mrs. Strader herein as a Defendant, the Complaint does not allege that Mrs. Strader owes any debt to Plaintiffs.

**MOTIONS TO DISMISS**

Defendants' Motions challenge the sufficiency of Plaintiffs' allegations pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. A motion made pursuant to Rule 12(b)(6) does not address any substance of the case, but merely tests the sufficiency of the complaint. *Johnson v. Portfolio Recovery Assocs., LLC,* 682 F. Supp.2d 560, 567 (E.D. Va. 2009) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). In assessing a complaint, the Court should assume all facts alleged in the complaint are true. *Id.* (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955).

It does not have to appear from the allegations of the complaint that a plaintiff is likely to succeed. Rather, all that is required is that the complaint states sufficient facts for the claim to be facially plausible and "'raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Johnson*, 682 F. Supp.2d at 567 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556).

Section 523(a)(4) of the Bankruptcy Code provides that "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Additionally, pursuant to § 523(a)(6) a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is excepted from a debtor's discharge.

The Bankruptcy Code provides that a debtor seeking Chapter 7 relief shall be granted a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." § 727(a)(4)(A). Pursuant to § 727(c)(1) only "the trustee, a creditor, or the United States Trustee may object to the granting of a discharge under subsection (a) of this section."

Many of the facts alleged by Plaintiffs do not involve Mrs. Strader and as a result the Court must analyze each Defendant's Motion separately.

## MRS. STRADER

Mrs. Strader was incorrectly included as a Defendant in this lawsuit and all causes of action asserted against her must be dismissed. The § 523 causes of action must fail because Plaintiffs do not allege that Mrs. Strader owes a debt to Plaintiffs.

Further, an action under § 727(a)(4)(A) may be asserted only by those parties listed in § 727(c)(1)[2] which does not include Plaintiffs. Section 101(10) of the Bankruptcy Code provides that a "creditor" is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." *See* 11 U.S.C. § 101(10). Section 101(5) further provides that a claim means a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5).

This bankruptcy case was filed jointly by two individuals pursuant to § 302.[3] Absent a substantive consolidation of the estates under § 302(b) the assets and liabilities of Mr. and Mrs. Strader remain separate as two different bankruptcy estates that are simply being jointly administered for administrative efficiency. *See In re Sims*, 421 B.R. 745, 748 (Bankr. D.S.C. 2010) ("Despite the joint petition filed by these debtors, the estate of each debtor remains separate unless consolidated."). "In joint administration, creditors of each debtor continue to look to that debtor for payment of their claims." *In re Pack Enterprises, Inc.*, C/A No. 03-05020-jw, slip op. at 1 (Bankr. D.S.C. 2003). The allegations of the Complaint are void of any indication of a relationship between Plaintiffs and Mrs. Strader that would provide Plaintiffs with the right to challenge Mrs. Strader's discharge. *See e.g. In re Barry*, 451 B.R. 654, 661 (B.A.P.

---

[2] The Court notes that neither the Chapter 7 Trustee nor the United States Trustee has elected to challenge Mrs. Strader's discharge.

[3] Section 302(a) provides that "A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse."

5

1st Cir. 2011) (finding that "the bankruptcy court may not deny a co-debtor [joint debtor] a chapter 7 discharge under § 727(a)(2)(A), regardless of the co-debtor's intent, in the absence of consolidation, when the complaining party is not his/her creditor as required by § 727(c)(1)."); *see also In re Charette*, 148 B.R. 94, 96 (Bankr. D. Mass. 1992) (overruling Plaintiff's § 727 objection to debtor-wife's discharge by finding that "[t]he Plaintiff was not *her* creditor but her husband's, and the Plaintiff could not reach her interest in the property to satisfy its judgment against her husband."); *In re Anderson*, 1997 WL 1102027 (Bankr. E.D. Va. Aug. 29, 1997) (finding that if a "debt has been extinguished, [the Plaintiff] has no standing to object to the debtor's discharge.").

## MR. STRADER

To maintain a claim pursuant to § 523(a)(4), Plaintiffs must allege that the debt to be excepted from discharge arose while Mr. Strader was acting in a fiduciary capacity and that such debt arose from fraud or defalcation. Defalcation "at a minimum . . . requires some degree of misconduct, negligence or ignorance." *In re Ingram*, Adv. P. No. 03-8047-jw, slip op. (Bankr. D.S.C. 2003). Alternatively, Plaintiffs must establish embezzlement or larceny.

In the Complaint, Plaintiffs allege that Mr. Strader's position as an officer, director and majority shareholder of the company, to whom property had been entrusted, placed him in a fiduciary role. The Complaint further articulates that Mr. Strader violated this position of trust and acted with a degree of misconduct by "appropriating HSTA contracts with its factories and destroying . . . [Mr. Hadley's] ownership interest in HSTA."

To support the § 523(a)(6) claim, Plaintiffs must allege that (1) debtor's actions caused an injury to the plaintiff or to the property of the plaintiff; (2) the debtor's actions were willful; and (3) the debtor's actions were malicious. "For an injury to be 'willful,' the debtor must have

6

intended the consequences of the debtor's act . . . [f]or an act to be 'malicious' the act must be targeted at the plaintiff." *In re Payne*, Adv. P. No. 08–80175–jw, slip op. at 5 (Bankr. D.S.C. 2009) (quoting *In re Raeder*, 399 B.R. 432, 440-41 (Bankr. N.D. W.Va. 2009)); *see also In re Stanley*, 66 F.3d 664, 667 (4th Cir. 1995) (citations omitted); *In re Meyer*, 100 B.R. 297, 299 (Bankr. D.S.C. 1988) aff'd, 100 B.R. 301 (D.S.C. 1989) (citing *St. Paul Fire & Marine Insurance Co. v. Vaughn,* 779 F.2d 1003, 1008 (4th Cir.1985)).

The Complaint alleges that by dissolving the co-owned company without Mr. Hadley's consent, Mr. Strader ended contracts held by the company as well as Mr. Hadley's interest in the company. The Complaint also incorporates the attached judgment evidencing that a state court determined that the actions of Mr. Strader resulted in financial harm to Plaintiffs sufficient to award a $220,133.00 judgment.

The elements of § 727(a)(4)(A) are: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000). The Complaint alleges that Mr. Strader falsely listed the value of an asset at $0.00 in his bankruptcy schedules knowing that the value was substantially higher.

To survive a Rule 12(b)(6) Motion, the Court must only determine that Plaintiffs' Complaint sufficiently pled these elements, not evaluate the merit of the allegations. The allegations of the Complaint are sufficient to survive a Rule 12(b)(6) challenge for each cause of action against Mr. Strader.

**ATTORNEY'S FEES AND COSTS**

Mrs. Strader was wrongly named as a Defendant in this adversary proceeding. Counsel represented that she spent one hour working solely on Mrs. Strader's behalf in this matter at a rate of $350.00 per hour.  Mrs. Strader's counsel admits that the requirements of Fed. R. Bankr. P. 9011(c)(1)(A) were not met[4] and therefore, no award can be made for violation of 9011(b) under that authority.  Fed. R. Bankr. P. 9011(c)(1)(B) allows the Court *sua sponte* to enter an order directing an attorney to show cause as to why Fed. R. Bankr. P. 9011(b) has not been violated and to impose sanctions. After consideration of the record and arguments of counsel, the Court finds that Plaintiffs' conduct does not warrant such relief on these facts, considering Mrs. Strader's failure to formally demand withdrawal of the pleading under 9011(c)(1)(A), and without an indication of improper intent on the part of Plaintiffs.

Counsel for Mrs. Strader argued that fees and costs may be awarded pursuant to 28 U.S.C. § 1927. That statute provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  After a review of cases analyzing this statute, the Court cannot find that including Mrs. Strader in the Complaint rises to the level of unreasonableness contemplated by this provision.[5]

**IT IS THEREFORE, ORDERED**, **THAT** Defendants' Motion to Dismiss is granted in part and denied in part.  The Motion is hereby **GRANTED** as it relates to Mrs. Strader only and

---

[4] Rule 9011(c)(1)(A) provides that "[a] motion for sanctions . . . shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subsection (b). It shall be served as provided in Rule 7004" and may not be filed or presented to the court "unless, within 21 days after service of the motion" the alleged violation has not been corrected.

[5] *See e.g. In re Davis*, C/A No. 03-09126-jw, slip op. (Bankr. D.S.C. 2003) (imposing sanctions pursuant to § 1927 for an attorney's repeated failure to appear at hearings shown by at least four prior orders documenting deficient practices); *see also In re Ulmer*, C/A No. 05-45096-jw, slip op. (Bankr. D.S.C. 2007).

the Motion is **DENIED** as to the causes of actions alleged against Mr. Strader, and the request for sanctions is **DENIED**.

**FILED BY THE COURT**
**11/20/2013**



Entered: 11/21/2013

US Bankruptcy Judge
District of South Carolina